Office of the U.S. Trustee
1100 Commerce, Room 976
Dallas, TX  75242

Lisa L. Lambert,
Trial Attorney, TX 11844250
for the U.S. Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| | § | Bankr. No –10-45005-DML-13 |
| JORGE ALBERTO MARES, | § | Chapter 13 |
| | § | |
| | § | Hearing Date: January 3, 2010 |
| Debtor(s). | § | Hearing Time: 1:30 p.m. |
| | § | |

U.S. TRUSTEE'S OBJECTION TO CITIMORTGAGE'S
PROOF OF CLAIM FOR THE REAL PROPERTY LOCATED AT
602 N PECAN ST., ARLINGTON, TX (CLAIM #1, filed 08/11/2010)

# NOTICE OF HEARING

**NOTICE TO CREDITORS AND PARTIES IN INTEREST: YOU ARE HEREBY NOTIFIED THAT A HEARING ON THIS OBECTION SHALL BE HELD ON JANUARY 3, 2010, AT 1:30 P.M, U.S. COURTHOUSE, FIRST FLOOR, 501 W. 10th ST, FORT WORTH, TX 76102.**

**TO THE HONORABLE D.M. LYNN,
U.S. BANKRUPTCY JUDGE:**

The United States Trustee for Region 6 (the "U.S. Trustee"), objects to the proof of claim filed by Citmortgage, Inc.  (Claim No. 1, filed 08/11/2010).  In support of his objection, the U.S. Trustee states as follows:

### Overview

Citimortgage often includes a line item for "Interest on Escrow" in its proofs of claim.  Other servicers and creditors are not including a similar line item in their proofs

of claims, and the United States Trustee cannot determine what the "interest on escrow" charge is or how it is computed. The United States Trustee requested an explanation in four cases, one of which was the Mares case; but no response was received. In addition to the "interest on escrow" issue, the United States Trustee has questions about the escrow computation and payment history.

## Standing

1. Any "party in interest" may object to a proof of claim. *11 U.S.C. §502(a)*. The United States Trustee is a party in interest. *A-1 Trash Pickup, Inc. v. United States Trustee (In re A-1 Trash Pickup, Inc.),* 802 F.2d 774, 775 (4th Cir. 1986) (holding United States Trustee a "party in interest" with standing to file a motion to dismiss or convert under § 1112). The United States Trustee "may raise and may appear and be heard on any issue in a case or proceeding . . . but may not file a plan." *11 U.S.C. §307; see also 28 U.S.C. §586(a)(5).*

2. The Citimortgage "interest on escrow" issue exists in cases throughout the Northern District of Texas. Debtors may lack the incentive to raise the issue in any one case because objecting may not impact the net amount that they contribute to a plan over time. If a lender's claim cannot be verified, and the Debtor pays the lender more than contractually required, the unsecured creditors receive less in a pot plan. In any one case, the impact may be negligible both to the lender and to the unsecured creditors. Systemically, the benefit to the lender and the harm to unsecured creditors may be notable. It therefore is particularly appropriate for the United States Trustee to raise the issue.

**Factual Statement**

**The Citimortgage Claim and the Bankruptcy Case Status:**

3. On August 11, 2010, Citimortgage filed a proof of claim in Mares's bankruptcy case. The claim properly attached the note and deed of trust.

4. According to the note, Mares's principal and interest payment was $494.11, and he had a fixed interest rate of eight percent. *Note, ¶ 2(a),(c)*. "This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument."

5. The Deed of Trust, the Security Instrument, contains an escrow provision for real property taxes and preserving the right to escrow for mortgage insurance. "Borrower shall include in each monthly payment . . . a sum for (a) taxes and special assessments levied or to be levied against the Property . . . and (c) premiums for insurance required under Paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the . . . mortgage insurance premium to be paid by Lender to the Secretary." *Deed of Trust, ¶ 2*.

6. The Deed of Trust requires payments to be applied as follows:

A. Mortgage insurance, if paid by Citimortgage;

B. Taxes and special assessments;

C. Interest;

D. Amortized principal; and

E. Late fees.

*Deed of Trust, ¶ 3, Exhibit to Citimortage Proof of Claim.*

7. Citmortgage alleged that Mares owed it $53,062.99 in total and claimed a pre-petition arrearage of $12,448.41. According to the breakout attached to the proof of claim, $7,734.84 of the arrearage reflected 12 missing payments of $644.57. Exhibit A to Citimortgage Claim, line 1.

8. Based on the provisions in the note and deed of trust, the $644.57 monthly payment consists of $494.11 in principal and interest plus $150.46 attributable to escrow items. (494.11 + 150.46 = $644.57). Thus, a total of $1,805.52 can be attributed to a year of escrow items such as taxes or mortgage insurance

9. The other $4,713.57 of the claimed arrearage stemmed from:

| Charge | Amount |
|---|---|
| Escrow Shortage | $3,876.55 |
| Interest on Escrow | $388.94 |
| Accrued Late Payment Charges | $283.58 |
| NSF Charges | $40.00 |
| Property Inspection | $40.50 |
| Appraisal | $84.00 |
| **Total Non P&I Charges** | **$4,713.57** |

10. The Court confirmed Mares's plan on November 9, 2010. Based on the trustee's records, Mares is current with his plan payments.

11. This claim objection is filed before the deadline for either traditional or governmental claims, so the Chapter 13 trustee has not yet filed the Trustee's Report and Recommendation Concerning Claims.

12. The Tarrant County Appraisal District records reflect that Mares's home at 602 North Pecan Street has an appraised value of $59,000 for 2009 and of $57,500 for 2010.

**The "Interest on Escrow" Line Item Appears in Citmortgage's Expense Breakdown:**

13. When Citimortgage files a proof of claim, Citimortgage attaches an Exhibit A that summarizes arrearage charges ("Breakdown"). In the Breakdown, Citimortgage details prepetition foreclosure expenses such as buyer's price opinions (BPOs), appraisals, title searches, foreclosure fees (attorney's fees for handling a foreclosure), and inspection fees.

14. In addition to these fees, Citimortgage includes a separate line item for "Interest on Escrow" charges. Randomly-selected illustrations from this district are as follows:

[Table appears on next page.]

| Allegation Sub-Paragraph | Case Name | # of Missed Pmts | Amt of Missed Pmts at Filing | Escrow Shortage | Advanced Insurance, Taxes, etc. contemplated by note | Interest on Escrow |
|---|---|---|---|---|---|---|
| A. | Brittain 10-45158-dml-13 | 10 | $17,668.30 | None | None | $14.36 |
| B. | Crowder, 10-35374-bjh-13 | 8 | $10,689.92 | $1,432.17 | None | $170.85 |
| C. | Eich 10-70370-hdh-13 | 13 | $11,141.00 | None | None | $23.04 |
| D. | Mares 10-45005-dml-13 | 12 | $7,734.84 | $3,876.55 | None | $388.94 |
| E. | Monahan 10-45111-rfn-13 | 21 | $41,890.59 | $2,113.73 | None | $15.33 |
| F. | Salazar 10-33852-bjh-13 | 13 | $7,807.76 | $453.54 | None | $68.34 |
| G. | Taylor 10-50459-rlj-13 | 6 | $5,725.44 | None | None | $9.67 |
| H. | Wallace 10-45162-rfn-13 | 21 | $29,691.90 | None | None | $74.49 |
| I. | Wright 10-46493-rfn-13 | 24 | $24,241.92 | None | None | $155.49 |

15. None of the listed claims reflects an advance for mortgage insurance or taxes.

16. Other servicers generally include separate line items for advanced taxes and advanced mortgage insurance.

17. Citmortgage separately itemizes advances for taxes in some other proofs of claim that it files in the Northern District of Texas, without including a line item for "interest on escrow charges;" and some of these claims are signed by the same bankruptcy specialist who signs claims containing the "interest on escrow" charges. *Compare e.g. Ortiz*, 10-34897-sgj-13, Claim 21, filed 09/01/2010 (reflecting "tax advance" without an "interest on escrow" charge, signed by Bankruptcy Specialist Irby);

*Workman*, 10-33210-bjh-13 Claim 11, filed 09/20/10 (reflecting "tax advance" without an "interest on escrow" charge, signed by Bankruptcy Specialist Parker); *Adams,* 10-37762-sgj13 Claim 2, filed 11/12/10 (reflecting "tax advance" without interest on escrow charge but with reference to $22,838.07 "interest short;" signed by Bankruptcy Specialist Irby) with *Wright*, 10-46493-rfn13 Claim 1 Filed 10/29/10 (signed by Bankruptcy Specialist Irby) and the Claim 1 in this case (signed by Bankruptcy Specialist Irby).

18. Moreover, in five of the cases included in the chart, neither escrow arrearages nor advances are reflected, yet Citimortgage still reports a charge for "interest on escrow."

**The Loan Provisions Governing Interest Charges Relating to Escrow Items:**

19**.** Generally speaking, escrow tax payments are made in advance of the yearly tax payment, so interest would not accrue.

20. The Citimortgage loan documents, by their terms, do not contemplate interest on the amounts paid into the escrow. They do, however, contemplate interest on advances that Citimortgage makes when the Debtor has not funded those items.

21. As noted above, paragraph 2 of the Deed of Trust contemplates an escrow for real property taxes and for unpaid mortgage insurance premium. If Mares failed to make government fine payments or:

> the payments required by Paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument. or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations),
> then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in Paragraph 2.
>
> Any amounts disbursed by Lender under this Paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These

amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable.

*Deed of Trust, ¶9.*

22. If Citimortgage pays legal fees, then interest may accrue at the interest rate applied to principal, here 8%. *Note, ¶ 6(B).* Here, the proof of claim does not reflect any foreclosure or attorney fees.

**The United States Trustee Requests an Explanation:**

23. On September 29, 2010, the Office of the United States Trustee requested an explanation for the $388.94 in "interest on escrow" charges. The United States Trustee sent the letter to the attorney who represented Citimortgage in Mares's first bankruptcy case as well as the Citimortgage representative who had signed the proof of claim.

24. On September 30, 2010, the Office of the United States Trustee sent an additional letter to Citimortgage in which it cited the "interest on escrow" charges in *Brittain*, 10-45158; *Eich*, 10-70370; and *Monahan*, 10-45111.

25. Citimortgage did not respond to either of the United States Trustee's letters.

**Objection**

**General Discussion of Claim Objection Standards:**

26. The United States Trustee objects to Citmortgage's claim for "Interest on Escrow" because the claim fails to provide information establishing how "such claim is unenforceable against the debtor and property of the debtor, under any such agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11

U.S.C. §502(b)(1), and Citimortgage has not responded to the United States Trustee's request for explanation.

27. Generally, a properly filed proof of claim has prima facie validity under 11 U.S.C. §501, 11 U.S.C. §502, and Federal Rule of Bankruptcy Procedure 3001. *E.g. In re Fidelity Holding Co.*, 837 F.2d 696, 698 (5th Cir. 1988). Here, however, the claim is not entitled to prima facie validity regarding the "Interest on Escrow" line item. The line item is neither explained nor detailed. "If the claim includes pre petition interest, attorney's fees, or other charges, a statement providing a breakdown of the elements of the claim is required." *In re Armstrong*, 320 B.R. 97, 108 (Bankr. N.D. Tex. 2009)(Hale, Houser, Felsenthal).

28. Under Federal Rule of Bankruptcy Procedure 3001(a) and Official Form 10, the Proof of Claim Form, a creditor may summarize its proof of claim when documents are voluminous. *Fed. R. Bankr. P. 3001(a) (engrafting Official Form 10 by reference);Official Form 10, ¶ 7; Instructions for Proof of Claim, ¶ 7.* Before a summary can be admitted at trial, however, the "originals, or duplicates, shall be made available for examination or copying, or both, by other parties at a reasonable time and place. The court may order that they be produced." *Fed. R. Evid. 1006.*

29. The United States Trustee intends to serve discovery to obtain the documents supporting the claim summary.

30. The United States Trustee reserves the right to amend this claim objection based on the discovery responses. For example, Citimortgage appears to have included twelve months of past due escrow tax payments in the monthly payment calculation but it also has an escrow arrearage calculation. The United States Trustee cannot ascertain how

the amounts included in the escrow arrearage correlate to the past due monthly payments, which also appear to include escrow amounts.

31. At this juncture, the United States Trustee specifically objects to the inclusion of the "interest on escrow" charge. Absent proof, the United States Trustee requests that the amount be denied. Further, the United States Trustee requests that the Court require Citimortgage to provide sufficient information to substantiate its interest on escrow charge in all bankruptcy filings.

## Conclusion

WHEREFORE, the United States Trustee respectfully requests that the Court:

A. Deny Citimortgage's request for "Interest on Escrow" in the amount of $388.94;

B. Require proof supporting all charges on the Breakdown, including specifically the escrow calculations as compared to the note payments;

C. Mandate additional detail so that the "interest on escrow" and "escrow shortage" line items on Citimortgage proofs of claim can be verified; and

D. Grant further proper relief.

Dated: November 30, 2010                      Respectfully submitted,

WILLIAM T. NEARY,
UNITED STATES TRUSTEE

*/s/ Lisa L. Lambert*_____
By: Lisa L. Lambert
Trial Attorney, TX Bar 11844250 (also NY)
1100 Commerce, Room 976
Dallas, Texas 75242

## Certificate of Service

I, Lisa L. Lambert, certify that on November 30, 2010, a copy of this pleading was served either by notice through ECF or by first class United States mail

Jorge Alberto Mares
602 N. Pecan St.
Arlington, TX 76011

David S. Kohm
David S. Kohm & Associates
1414 W. Randol Mill, Suite 118
Arlington, TX 76012
kohmarlington@flash.net

Elizabeth Weller
Linebarger, Goggan, Blair & Sampson, LLP
2323 Bryan Street Suite 1600
Dallas, TX 75201
dallas.bankruptcy@publicans.com

Attention: Kathy Wood-Wagner
Associate General Counsel, Litigation
Citibank, NA/Citmortgage, Inc.
17400 Brookhurst Street, Suite 201
Fountain Valley, Ca. 92708

Citmortgage, Inc.
Attention: Matthew D. Irby
PO Box 140609
Irving, TX 75019-0609

Alice Whitten
Chapter 13 Trustee
6100 Western Place
Suite 1050
Fort Worth, TX 76107

            *Lisa L. Lambert*
            Lisa L. Lambert